IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02859-WDM-KLM

MARK S. CROSSEN and
OCEANNE CROSSEN,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Stipulated Motion for Extension of Tile to File Responsive Pleading on Behalf of Defendant American Family Mutual Insurance Company** [Docket No. 8; Filed January 7, 2010] ("Motion No. 8"); Defendant's **Unopposed Motion for Extension of Time to File Response to Plaintiff's Motion for Partial Summary Judgment** [Docket No. 9; Filed January 7, 2010] ("Motion No. 9"); and the parties' **Joint Motion to Vacate Scheduling Conference and Stay Proceedings** [Docket No. 11; Filed January 7, 2010] ("Motion No. 11").

IT IS HEREBY **ORDERED** that Motion No. 8 is **GRANTED**.  Defendant shall answer or otherwise respond to Plaintiffs' Complaint on or before **January 14, 2010**.

IT IS **FURTHER ORDERED** that Motion No. 9 is **GRANTED**.  Defendant shall respond to Plaintiffs' Motion for Partial Summary Judgment on or before **January 29, 2010**.

IT IS **FURTHER ORDERED** that Motion No. 11 is **GRANTED** for the reasons set forth below.

A stay of discovery is generally disfavored in this district. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2. 2007) (citation omitted). However, a stay may be appropriate in certain circumstances. The Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Indeed, "a court may decide that in a particular case it would be wise to stay proceeding on the merits until [certain challenges] have been resolved." 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). Moreover, a stay is appropriate if "resolution of a preliminary motion *may* dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (emphasis added) (citation omitted).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a stay is appropriate here. *See String Cheese,* 2006 WL 894955, at *2. The Court balances Plaintiffs' interest in their case proceeding expeditiously against any undue burden on Defendant of going forward. *Id.* Here, importantly, the parties have agreed that a stay is beneficial to both sides. The parties' indication that a stay is in their best interests weighs heavily in favor of granting a stay.

The Court also considers its own convenience, the interests of nonparties, and the

public interest in general.  *See String Cheese*, 2006 WL 894955, at *2.   None of these factors prompts the Court to reach a different result.  Although Plaintiffs' motion is entitled a motion for "partial" summary judgment, the parties indicate in the instant Motion No. 11 that the Court's ruling on that motion "could dispose of all issues in the case or provide significant guidance for settlement discussions." *Joint Motion* [#11] at 2.  Where a pending motion may dispose of an action, a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F.Supp. 2d 1277, 1280 (D.Colo. 2004) (citing interest of judicial economy as reason to grant stay pending decision on motion to compel arbitration); *Chavous v. Dist. of Columbia Fin. Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Finally, the Court is not persuaded that this case triggers a compelling nonparty or public interest which would prompt a different result.

IT IS FURTHER **ORDERED** that the case is **STAYED** until such time as the Motion for Partial Summary Judgment [#4] is resolved.  Following a ruling on that motion, the parties are directed to file a Joint Status Report indicating whether a Scheduling Conference should be set in this matter and proposing dates for any necessary conference.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for February 8, 2010 at 9:30 a.m. is **vacated** and will be reset, if appropriate, upon expiration of the stay.

DATED: January 13, 2010 at Denver, Colorado.

                                          BY THE COURT:

                                        s/ Kristen L. Mix
                                        Kristen L. Mix
                                        United States Magistrate Judge